UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of Adele Zarzur,

                Applicant,

Pursuant to 28 U.S.C. § 1782 for Judicial Assistance in Obtaining Evidence for Use in Foreign and International Proceedings Pending in the Federative Republic of Brazil.

ANALISA TORRES, District Judge:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/08/2024
```

22 Misc. 348 (AT)

**ORDER**

    Before the Court is an application pursuant to 28 U.S.C. § 1782 (the "Petition") to obtain discovery for use in a civil proceeding filed in the Sao Paulo Family Court – 1st Department in the Federative Republic of Brazil, brought by Applicant, Adele Zarzur. Pet., ECF No. 1; *see* Lehmann Decl. ¶ 18, ECF No. 4. Applicant seeks permission to serve subpoenas on JPMorgan Chase & Co ("JPMorgan"), the Clearing House Payments Company LLC ("CHIPS"), and the Federal Reserve Bank of New York (the "Federal Reserve Bank") (together, "Respondents"). Lehmann Decl. ¶ 1. For the following reasons, the Petition is GRANTED.

## BACKGROUND

    On December 7, 2022, the Court ordered Applicant to serve Respondents, and for Respondents to file any opposition papers by January 20, 2023. ECF No. 6. Only the Federal Reserve Bank filed a letter with the Court, in which it took "no position on whether Petitioner is entitled to discovery under 28 U.S.C. [§] 1782" and stated that it will "respond to any Court-ordered discovery in this matter." ECF No. 17.

## DISCUSSION

    I.    <u>Legal Standard</u>

    "A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the

application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and alterations omitted). Courts routinely grant such petitions *ex parte*. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (summary order) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (internal quotation marks omitted).

II. <u>Analysis</u>

Applicant has met all three statutory requirements. First, Respondents reside in this District. Pet'r Mem. at 21–22, ECF No. 2. Second, Applicant has established that she intends to use the discovery in an ongoing Brazilian proceeding. *Id.* at 22–23. Under the plain text of § 1782, a foreign proceeding includes "a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Mees*, 793 F.3d at 299 ("[A]pplicant may seek discovery of any materials that

can be made use of in the foreign proceeding to increase her chances of success."). Third, Applicant is a party to the foreign proceeding. Pet'r Mem. at 23.

Each of the discretionary factors also weigh in favor of granting the Petition. First, Respondents are not participants in the Brazilian proceeding. Pet'r Mem. at 24; Lehmann Decl. ¶ 65. Second, the "Brazilian Probate Court authorized the Petitioner to locate and identify assets located abroad," which are the subject of the requested subpoenas. Pet'r Mem. at 25; Lehmann Decl. ¶ 66 ("[Applicant] has already obtained two favorable orders from the Probate Court authorizing her to investigate her father's assets in foreign financial institutions, which is, in part, why she brought this [a]pplication."). Third, there is no evidence that Applicant is attempting to circumvent any proof-gathering restrictions imposed by Brazilian law or otherwise seeking the discovery in bad faith. Finally, the subpoenas Applicant proposes are not unduly intrusive or burdensome. *See* ECF Nos. 5-2 to -5.

## CONCLUSION

For the reasons stated above, the Petition is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 1 and close the case.

SO ORDERED.

Dated: January 8, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge