USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/2/2025___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ADELE ZARZUR FOR AN
ORDER TO TAKE  DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1782

Case No.: 1:22-mc-00348-AT-SN

_____/

## <u>CONFIDENTIALITY ORDER GOVERNING DISCOVERY</u>

Pursuant to Federal Rule of Civil Procedure 26, it is hereby ORDERED that all information and documents obtained during discovery between Petitioner Adele Zarzur and Respondents JPMorgan Chase & Co, the Clearing House Payments Company LLC, and the Federal Reserve Bank of New York (collectively, the "Parties") in this case shall be subject to the terms and provisions set forth below:

1. This Order provides for the confidential treatment of certain information or material designated as such by the Parties (the "Confidential Material").

2. "Confidential Material" shall mean documents or information which a party or non-party believes, in good faith, contains material constituting confidential, private, or proprietary research, development, technical, financial, commercial, or business information, or information protected from disclosure by laws or regulations, which information is unavailable to the public, not readily available from other sources, and not disclosed to others.

3. When any Confidential Material is incorporated in documentary form, the producing party shall affix the legend "CONFIDENTIAL" to each page that contains protected material.

4. Designation of material as Confidential Material by a party or non-party shall constitute a certification by that party that the party has a reasonable, good-faith belief that the designated material is Confidential Material as defined herein.

1

5. Nothing contained herein shall prevent a party from challenging the status of a document as Confidential Material or from seeking a Court ruling permitting the disclosure of Confidential Material. Should the receiving party wish to make a disclosure of such Confidential Material other than as provided in this Order, the receiving party shall first negotiate in good faith with the disclosing party to resolve any dispute as to such disclosure. In the event the Parties cannot agree, the receiving party may move the Court for appropriate relief. The provisions of this Order shall continue to apply to the disputed Confidential Material until such time as the Court has issued an order permitting disclosure and specifying the conditions of such disclosure.

6. When the recipients of Confidential Material contemplate no further utility of the Confidential Material, the recipients of Confidential Material shall return or destroy all copies of such Confidential Material in accordance with this Order.

7. Confidential Material shall be held, used, or disclosed by the Parties in accordance with the provisions of this Order and as may be authorized pursuant to Paragraph 8 below.

8. Parties to whom Confidential Material is disclosed shall treat all such material as confidential. Unless otherwise permitted by this Court upon application by a party, Confidential Material shall not be disclosed to any persons other than the following:

 a. Counsel to the Parties and their associates, paralegals, and support staff;

b. All Parties and each corporate entity party's officers, directors, and in-house counsel;

c. Any independent consultant or expert who is assisting counsel for a party to whom counsel determines it is necessary to disclose Confidential Material, including the employees, associates, and support staff of any independent consultant or expert retained by a party;

d. Any personnel supplied by any independent contractor, including litigation support service personnel, interpreters, translators, or experts with whom counsel for a party works, as such counsel deems necessary;

e. Non-party witnesses, in connection with possible examination of such persons or in connection with preparation thereof, if the witness had prior knowledge of the Confidential Material (i.e., having authored the document, having been copied on the document, or otherwise being shown, by direct evidence, of having been in possession of the information);

f. A non-party to whom a party is legally obligated to make disclosure, including without limitation auditors and government regulators, of the material designated as Confidential Material; and

g. Courts, tribunals, stenographers, court reporters, videographers, and their respective staff;

9. Any persons obtaining access to Confidential Material shall, prior to obtaining access to Confidential Material, be informed of the existence and terms of this Order and be instructed that they are bound by its terms.

10. Nothing herein shall prevent any counsel of record for a party who has access to Confidential Material in accordance with this Order from utilizing that Confidential Material in the examination or cross-examination of any person, including at deposition or trial. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's counsel who has access to Confidential Material in accordance with this Order from rendering advice to his or her party clients.

11. A party may use Confidential Material as an exhibit during a hearing or trial and shall comply with any applicable rules or procedures concerning delivery and filing of exhibits.

12. A party may use Confidential Material in a submission to a Court, provided that the party files the Confidential Material under seal in conformity with any applicable rules or procedures.

13. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery. Where a disclosing party withholds Confidential Material on the basis of attorney-client privilege, work product doctrine, or any other privilege or protection, said disclosing party shall comply with Federal Rule of Civil Procedure 45(e)(2).

14. A party's designation of material as Confidential Material, or a party's failure to designate material as Confidential Material, shall not operate as an admission that any particular material or information is or is not confidential, privileged, or admissible.

15. This Order shall not act as a shield for any person or entity to refuse to disclose any information that such person or entity, by law, contract, or rule, is obligated to disclose.

16. Any violation of the terms of this Order may result in sanctions against the party committing the violation, which sanctions shall be determined by the Court in its discretion.

17. Notwithstanding the termination of these proceedings, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED.

Dated: June 2, 2025
      New York, New York

_____
**ANALISA TORRES**
**UNITED STATES DISTRICT JUDGE**